*Harlan, for appellants.*

---

## SILAS PRICE v. CYRENA GIX ET AL.

Wills—Construction—Restrictions Imposed—Perpetuities.

A devise under a will to the wife that she should have the sole control
of every specie of the estate, to give to whom and when she pleases,
during her natural life, and after her decease, every specie of property
that could found to be equally divided between the children, is held
not to vest the wife with the fee simple title thereto, that she may
dispose of the estate to one of the heirs to the exclusion of all others.

Life Estate—Descent and Distribution—Residuary Legatees.

A life estate is restricted to the use of the donee, and cannot be dis-
posed of, even with a power conferred to "give to whom and when
she pleases," to one of the residuary legatees exclusively. The right
to dispose of the estate, means so much thereof as may be consumed for
the devisee's own use.

Same—Alienation of Property Under Devise—Wills—Limitation.

A provision of a will that "after the death of the devisee, every species
of the property that could be found,," would imply, that should any
of the estate be alienated, so much thereof as should remain in kind
and could be identified, should be distributed equally among the legatees:
This express limitation upon the exercise of a power to dispose of the
estate, only during life, is a limitation on the estate, and not on the
power conferred by will.

Words and Phrases—Wills.

A restriction in a will, to dispose of property "during her life," is
held to mean that the title passed by the devisee, should not extend
beyond her death.

APPEAL FROM CARROLL CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The only question argued in this case turns on the true inter-

pretation of the will of John M. Price, who owning a homestead tract of land near Carrollton, Ky., on the Ohio river, containing about 250 acres and several slaves and other movable property, and having a wife and several children, made the following testamentary disposition of his estate:

"I, John M. Price of Gallatin County and State of Kentucky, being sound in mind and memory, do constitute this my last will and testament, to wit: That after my decease my desire is that my wife Sally Price shall have the sole control of every species of my estate, to give to whom and when she pleases, during her natural life, and after her decease every species of my property that can be found, to be equally divided between my children. In testimony whereof I have hereunto set my hand and affixed my seal this 18th day of November, 1836.

"John M. Price."

The widow survived the testator 23 years, and, in the mean time, resided on the land, made several dispositions of movable things, absolutely, and conveyed in fee simple, the entire tract of land to her son, Silas Price, who lived with her and helped to manage her affairs. After her death her other children asserting claim to the property, thus alienated, by her, brought this suit for distribution among all the testator's descendants.

The circuit court decided that the widow had no power to pass an absolute title beyond her own life. And Silas Price alone appeals from that judgment.

The vagueness and unskilfullness of the phraseology of the will make the testator's true intent rather vexatiously ambiguous, and might with some plausibility lead to opposite constructions. But this court inclines to concur with the circuit judge.

The testator evidently intended that his widow should be entitled to the enjoyment of his whole estate during her life. And it is equally evident that he did not intend that she should have a beneficial interest in it longer than her life. For that term he devised the use, but not the legal title for her own benefit, otherwise, than in the consumption by necessary uses. And it seems to us that, by the power to dispose of any of it during her life, he did not intend such discretionary disposition to deprive his children of the ultimate right to so much of it as should not be consumed by her use of it. This construction seems to be most consistent with the context and spirit of the will, and is apparently

the only one that harmonises with the provision for a division among all his children after the widow's death of *every species* of his property that could could *"be found,"* and which seems to imply that, if as he expected, she should alienate it, or portions of it, so much of the alienated property as should remain in kind and could be identified, should be distributed among his children, equally.

And this conclusion is moreover fortified by the consideration that, as she could exercise the power only during her life, that express limitation upon it would have been superfluous, and that therefore, we may reasonably presume that it was intended as a limitation on the estate and not on the power.

Without more minute analysis, or critical elaboration, our judicial conclusion is that the testator, by the restriction "during her life" intended that the title she might pass should not extend beyond her death.

Ulterior questions may arise which are not now before this court—the decree being final only as to the construction of the will.

Judgment affirmed.

*Pryor & Chambers, for appellees.*

*Winslow, for appellant.*